# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SCOTT BOERGERT, individually and on behalf of all others, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:15-cv-04185-NKL ) ) |
| KELLY SERVICES, INC., | ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Scott Boergert moves for reconsideration of the Court's order of dismissal, Doc. 87. Boergert's Motion, Doc. 89, is granted in part. The Court will permit Boergert's Disclosure Claim (Count II) to proceed. Because the Court lacks subject matter jurisdiction over the Adverse Action Claim (Count I), it will be remanded to the state court from which it was removed. Boergert's Motion is denied in all other respects.

**I.  Background**

Boergert filed this putative class action under the Fair Credit Reporting Act (FCRA) in state court and Defendant Kelly Services, Inc. removed it. Boergert alleged that he applied to work for Kelly Services. During the hiring process, he signed a form, which Kelly Services then used to obtain his consumer report from another company. Kelly Services hired him and assigned him to work at Kraft. Kelly Services then fired him, telling him it was because of information in his consumer report that made him no longer eligible for employment.

In Count I of his complaint, Boergert alleges an Adverse Action Claim based on Kelly Services' failure to give him a copy of his consumer report at least three days before he was terminated. 15 U.S.C. §1681b(b)(3)(A)(i). In Count II, he alleges a Disclosure Claim, because

Kelly Services did not give him a stand-alone document that consisted solely of a disclosure that a consumer report may be obtained for employment purposes. The document given to Boergert contained that information, but also other false and misleading information. 15 U.S.C. §1681b(b)(2)(A)(i). Finally, he alleged that Kelly Services' "multiple violations of the FCRA combined with its knowledge of the requirement of the FCRA" demonstrate its "violations were willful." Doc. 1-1, p. 26 of 35. Boergert did not allege that the information in the consumer report was inaccurate.

On November 14, 2016, the Court granted Kelly Services' motion to dismiss finding that Boergert had not alleged a concrete injury sufficient to give the Court subject matter jurisdiction. While Boergert had alleged violations of the FRCA, they were technical, procedural requirements that were insufficient to show concrete harm in light of *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540 (2016).

Boergert now asks the Court to set aside its order because it contains errors of law and fact. He seeks relief under Fed. R. Civ. P. 59(e) or 60(b). Specifically, Boergert reiterates his argument that a violation of the FRCA's stand-alone document requirement is enough to show concrete harm, as is a violation of the requirement of a three day notice and an opportunity to respond to a consumer report being relied on to terminate an employee. He also argues that the Court did not give his complaint all reasonable inferences and added other pleading requirements that do not exist. He further claims that the Court misapplied *Braitberg v. Charter Communications, Inc.,* 836 F.3d 925 (8th Cir. 2016), *American Farm Bureau Federation v. U.S. Environmental Protection Agency,* 836 F.3d 963 (8th Cir. 2016), and *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20–25 (1998). Finally, if the Court still finds that it lacks subject matter jurisdiction, he requests the case be remanded to state court rather than being dismissed.

**II.     Discussion**

A district court has broad discretion in determining whether to grant Rule 59(e) and Rule 60(b) motions. *In re Levaquin Products Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014), and *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). However, a motion to reconsider generally "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).

**A.     Pleading inferences and requirements**

Boergert continues to imply that Kelly Services' violations of the FCRA are enough to show that he was concretely harmed, without anything further being required. The Court respectfully disagrees. The Court has spent extensive time researching and considering the issue and is not convinced that it is wrong on this seminal point. Boergert's motion for reconsideration on this point is rejected as to both Count I (Adverse Action) and Count II (Disclosure). The Court will address below additional arguments made by Boergert concerning the dismissal of Count I and II.

**1. Count II – Disclosure Claim**

The Court does find some merit in Boergert's argument that the Court did not give him all reasonable inferences in favor of his Disclosure Claim (Count II). In its order of dismissal, the Court acknowledged that Boergert does have a substantive right to keep his consumer report private but found he signed a consent form authorizing the release of his consumer report to Kelly Services. Boergert tried to invalidate his consent by arguing it was not in the form mandated by Congress because the consent form contained incorrect information and extraneous information. The Court rejected this argument because "he [did] not allege that he or a

3

reasonable person would be confused by the extraneous information. Nor [did] he allege that he would not have signed it had he known some information was inaccurate." Doc. 87, p. 6. Instead, the Court held, the crux of his complaint was that the consent form did not technically comply with the requirements of the FCRA.

In his motion to reconsider, Boergert argues that he did plead confusion because in paragraph 48 of the complaint, he used the word "misleading," *i.e.,* he alleged that the "[d]isclosure form contain[ed] inaccurate and misleading statements in violation of the FCRA." *See* Doc. 1-1, p. 23 of 35, ¶ 48. He further argues that he had no obligation to allege he would not have signed the form had he known some information in it was inaccurate.

When opposing the motion to dismiss, however, Boergert did not point out these sections of the complaint to the Court. Instead, he argued that the "FRCA place[d] restrictions" on how an entity may lawfully obtain a consumer report; "Defendant simply ignored those restrictions"; "Defendants' disclosure form was illegal", and therefore, "Defendant's acquisition of [Boergert's] consumer report was unlawful." Doc. 44, p. 15 of 26. He argued that he "need[ed] only [to] prove the objective standards put forth by the statute[.]" *Id.*, p. 20 of 26, n.7. He concluded that an employer's procurement of a consumer report without first providing adequate disclosure and obtaining the authorization required by Congress "inherently harm[s] individuals' privacy interests[.]" *Id.,* p. 16 of 26. As the Court concluded in the dismissal order, the crux of Boergert's complaint was in fact that the form did not technically comply with the requirements of the FCRA. That conclusion was supported by Boergert's own description of his claims in his opposition to Kelly Services' motion to dismiss.

Nonetheless, given Boergert's new references to statements in his complaint which could be interpreted to suggest he found the document misleading, the Court will vacate its dismissal of

4

Court II and give Boergert ten (10) days from the date of this Order to amend his complaint to clearly state what he now says he intended to plead concerning his Disclosure Claim (Count II). The Court has the discretion to not permit this amendment, but considering the uncertainty of the evolving legal landscape after *Spokeo*, the Court concludes that an amended complaint is in the interest of justice and will permit final resolution on the merits. For clarity, the Court also vacates the following sentence in its order: "Nor does he allege that he would not have signed it had he known some information was inaccurate." Doc. 87, p. 6. The Court intended this as an example of what would be a concrete harm, not as a mandatory pleading requirement.

### 2. Count I – Adverse Action Claim

In Count I, Boergert alleged he was not afforded the opportunity provided under the FCRA to receive a copy of his consumer report, and review and discuss its contents with Kelly Services, before Kelly Services fired him based on the report. He claimed he therefore suffered an informational injury sufficient to support standing.

In the dismissal order, the Court noted that although Boergert had been deprived of statutorily required information, he had not shown any injury beyond the lack of access to the required information. Doc. 87, p. 7. He had not even alleged that he had a basis for challenging the information in the consumer report, which is the type of harm Congress intended to prevent. *Id.* (citing *Spokeo*, 136 S.Ct. at 1550 ("Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk.")). The Court further noted that in *Braitberg,* the Eighth Circuit seemed to suggest that Article III standing required something more than a procedural violation, superseding *Hammer v. Sam's East, Inc.*, 754 F.3d 492, 498–99 (8th Cir. 2014), and *Charvat v. Mutual First Federal Credit Union*, 725 F.3d 819, 822 (8th Cir. 2013), "two cases this Court has previously relied on to find subject matter

5

jurisdiction in these types of cases. Therefore, the Court [was] reluctant to find that this informational injury is sufficient to show a concrete injury sufficient to establish subject matter jurisdiction." Doc. 87, p. 8.

In his motion to reconsider, Boergert states that "[t]he record does not reflect … the consumer report is completely accurate nor does it need to be in order to maintain standing." Doc. 89, p. 5. He argues that he was "never given a chance to dispute the consumer report" before he was fired and "[t]here are a number of things [he] might have been able to do had he been given the opportunity[.]" *Id.* He argues that had he been given the chance, he "could have pointed out that the charges associated with the case numbers in the report are inaccurate and do not exist. [He] could have notified [Kelly Services] that he misread the question and thought it only applied to charges/convictions within the last seven years; which none existed." *Id.* Boergert neither alleged in the complaint that the report was inaccurate in any way, nor did he make such an argument in connection with Kelly Services' Motion to Dismiss. Nor does he identify any place in his Complaint that could even be interpreted to raise these issues. Therefore, the Court will not permit Boergert at this stage of the litigation to raise new allegations that were available before the Court entered its dismissal.

Boergert further argues that the dismissal of Count I is undercut by an Eighth Circuit decision published the day after *Braitberg*: *American Farm Bureau Federation v. U.S. Environmental Protection Agency,* 836 F.3d 963 (8th Cir. 2016). Doc. 89, p. 6. *American Farm Bureau* addresses associational standing and the dissemination of information. 836 F.3d at 965. The decision does not address or cite *Spokeo,* nor mention *Braitberg*. In contrast, *Braitberg* concerns injury in fact and an individual's standing to bring suit for a statutory violation. 836 F.3d at 929-31. *Braitberg* discusses *Spokeo,* as well as cases decided prior to *Spokeo* in which

6

the Eighth Circuit "seemed to accept [the] view" that "violation of a statutory right constitutes an injury in fact that is sufficient by itself to establish standing under Article III." *Id.* at 929-30 (citing *Hammer v. Sam's East, Inc.*, 754 F.3d 492, 498–99 (8th Cir. 2014), and *Charvat v. Mutual First Federal Credit Union*, 725 F.3d 819, 822 (8th Cir. 2013)). "With the benefit of *Spokeo*'s guidance," the *Braitberg* court "conclude[d] that [the plaintiff] ha[d] not alleged an injury in fact as required by Article III. His complaint assert[ed] 'a bare procedural violation, divorced from any concrete harm.'" *Id.* at 930 (quoting *Spokeo,* 136 S.Ct. at 1549)). Thus, *Braitberg* is the relevant and instructive case the Court finds appropriate to have guided its decision here, not *American Farm Bureau*.

Finally, in arguing he was not required to allege the report was inaccurate, Boergert states that he "has not sued a consumer reporting agency, the entity responsible for accuracy, but instead has sued the end user who has completely separate and unique obligations." Doc. 89, p. 4. He adds in a footnote that Kelly Services' obligation under the FCRA was to give him notice before taking adverse action, and that his allegation of Kelly Services' failure to do so was sufficient for purposes of establishing his standing. *Id.* at n.1. As discussed above, the mere allegation of a statutory violation is not sufficient here, especially in light of *Spokeo*'s specific reference to the issue of inaccurate information.[1]

**B.     The *Akins* decision**

Boergert next argues that this Court misinterpreted the *Spokeo* court's reference to

---

[1]     Boergert also argues that the Court imposed a pleading requirement, for an adverse action claim, that the outcome of the termination would have been different if the three days had been given to contest the consumer report. This statement was made in response to Boergert's argument that even if the consumer report was accurate he was concretely harmed because he would have had an extra three days of work if Kelly Services had complied with the FCRA. For clarification, the Court did not require this pleading requirement for adverse action claims that involved inaccurate consumer reports.

7

*Federal Election Comm'n v. Akins*, 524 U.S. 11, 20–25 (1998), and that *Akins* supports his claim of injury in fact. Doc. 89, pp. 7-9 (and cases cited therein). In his suggestions in opposition to the motion to dismiss, Boergert extensively briefed *Akins* and the other cases he has cited in connection with this argument. *See* Doc. 44, pp. 17-21 of 26. The arguments he raises in his motion to reconsider are not new and do not justify reconsideration of dismissal.

### C. The *Braitberg* decision

Boergert's third argument is that *Braitberg*, which this Court cited in the dismissal order, "is inapplicable to" this case. Doc. 89, p. 9. In *Braitberg,* the defendant, a cable service provider, lawfully collected information from its customers under the Cable Communications Policy Act, but then, in violation of the Act, failed to destroy the information after it was no longer needed. 836 F.3d at 927. Because the plaintiff failed to allege that the provider disclosed the information to a third party or used it in any way, the Eighth Circuit held he had alleged only a bare procedural violation, divorced from any concrete harm and therefore insufficient to establish injury in fact as required by Article III. *Id.* at 930.

Boergert argues that in contrast here, Kelly Services unlawfully obtained the information because the disclosure form violated the FCRA, as well as Kelly Services' own policies. Thus, he concludes, *Braitberg* is inapplicable, and this case is more like *American Farm Bureau* and *Carlsen v. GameStop, Inc.,* 833 F.3d 903 (8th Cir. 2016). The Court addressed *Braitberg* in the dismissal order, and has discussed it and *American Farm Bureau* above, and again holds that the case supports dismissal of Boergert's FCRA claims.

*GameStop*, which Boergert raises for the first time, addresses standing to bring a breach of contract claim. 833 F.3d at 907, 909-10. The plaintiff alleged that he subscribed to a publication that was available in print and online. The publisher's terms of service for the online

8

subscription included a privacy policy that stated personal information was not shared with anyone, but the publisher in fact did share the plaintiff's personal information. The publisher challenged the plaintiff's standing. The Eighth Circuit performed an Article III analysis, concluding the plaintiff had standing to pursue his breach of contract claim. Among other things, the Eighth Circuit held the plaintiff had stated a "concrete" and "actual" injury in the form of devaluation of his subscription in the amount of the difference between the subscription he had paid for and the value of the one he received, *i.e.*, a subscription with compromised privacy protection. *Id.* at p. 909.

Relying on *GameStop*, Boergert argues that Kelly Services "violated the same rights it contracted to uphold" and it therefore follows that he has standing. Doc. 89, p. 11. Boergert, however, has not alleged a breach of contract claim. He has only alleged a violation of the FCRA. Therefore *GameStop* is not persuasive.

**D.     The "existing solely" requirement**

Boergert next returns to the FCRA's stand-alone disclosure requirement, 15 U.S.C. § 1681b(b)(2)(A)(i), arguing that the Court "marginalize[d]" the importance of a form that is clear and conspicuous and does not contain extraneous information. Doc. 89, p. 12-14 (and cases cited therein). The Court considered this issue in connection with the motion to dismiss, and addressed it above. Boergert cites district court decisions holding that a mere violation of this FCRA section is sufficient to give standing. District court decisions, however, are not uniform with respect to this issue, and there are a growing number of district court opinions that have reached the same conclusion on this issue as has this Court. *See, e.g.,* Doc. 87, pp. 5-7 (and cases cited therein); *Landrum v. Blackbird Enterprises, LLC,* 2016 WL 6075446, at *4 (S.D. Tex. Oct. 3, 2016) ("The FCRA protects a consumer's substantive right to be notified of the

9

procurement and use of a consumer report for employment purposes. However, the requirement that the notice be in the form of a stand-alone disclosure is a procedural protection of that substantive right. Put yet another way, a statutory right to information is substantive. A statutory right to receive that information *in a particular format* is procedural.") (emphasis in original); and *Woods v. Caremark, L.L.C.*, 2016 WL 6908108, at *4 (W.D. Mo. 7/28/2016) ("By violating the stand-alone requirement, [defendant] violated [plaintiff's] procedural right, but did not cause [plaintiff] to suffer an informational injury or an invasion of privacy"). Merely because there is a split in authority is no grounds for reconsideration. That Court was well aware of the split at the time it entered its opinion.

### E. "New evidence"

Boergert argues that "new evidence" supports reconsideration, pointing to a transcript that contains oral argument in another FCRA case, before another court, brought by a different plaintiff against Kelly Services, in which different defense counsel discussed his interpretation of *Spokeo* and standing. *See* Doc. 89-1. There Kelly Services stated there was subject matter jurisdiction for purposes of settlement in a case which raised similar claims to those pending here. Boergert suggests that Kelly Services has therefore agreed to subject matter jurisdiction in this case. Parties, however, cannot agree to the subject matter jurisdiction of the Court. Therefore, even if Kelly Services made a judicial admission and it was relevant in this case, it would have no bearing on the Court's determination of its own subject matter jurisdiction.

### F. Dismissal versus remand

Boergert's alternative request for remand is well-taken. *See Wallace v. ConAgra Foods, Inc.,* 747 F.3d 1025, 1033 (8th Cir. 2014) ("If . . . the case did not originate in federal court but was removed there by the defendants, the federal court must remand the case to the state court

10

from whence it came [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.") (quoting 28 U.S.C. § 1447(c)) (internal quotation marks omitted). Therefore the Court will remand Boergert's Adverse Action claim (Count I) to the state court from which it was removed.

**III.   Conclusion**

Plaintiff Boergert's Motion to Reconsider, Doc. 89, is granted in part.  The Court's dismissal of Count II is vacated and Count I is remanded to state court.  Boergert has ten days from the date of this Order in which to file an amended pleading for Count II as discussed in this Order.  Boergert's motion is denied in all other respects.


                                                        s/ Nanette K. Laughrey
                                                        NANETTE K. LAUGHREY
                                                        United States District Judge

Dated:  February 1, 2017
Jefferson City, Missouri